IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| JERVE NDAYIZEYE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 25-3200-JWL |
| | ) | |
| Warden, Chase County Detention Center, [1] | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |
| _____ | ) | |

## **MEMORANDUM AND ORDER**

Petitioner, acting *pro se*, filed a petition for habeas corpus under 28 U.S.C. § 2241, by which he challenges his detention by immigration officials. For the reasons set forth below, the Court **grants** the petition. Respondent shall release petitioner from custody, subject to an appropriate order of supervision, by **December 1, 2025**, and shall provide notice to this Court when that release is effected.

Petitioner is a native of Tanzania and a citizen of Burundi. Petitioner entered the United States in 2008 and became a lawful permanent resident the following year. In 2021, however, he was convicted of robbery in federal court in Illinois. On August 30, 2024, after his release from federal custody, petitioner was taken into custody by immigration officials, and removal proceedings were initiated. On January 16, 2025, an immigration judge denied petitioner's requests for relief, terminated his status as a lawful permanent

---

[1] In light of petitioner's apparent transfer to a different facility, the Court has substituted as the proper respondent the warden of petitioner's present place of detention.

resident, and ordered petitioner's removal. Both petitioner and the Government had waived any right to appeal that decision, which therefore become final on the date it was issued.

Petitioner is presently detained within this judicial district. On September 19, 2025, petitioner filed the instant habeas action; respondent has filed a answer to the petition, petitioner has filed a reply brief, and the matter is therefore ripe for ruling.

Petitioner claims that his continued detention by immigration authorities is improper. To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S. C. § 2241(c)(3). This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003).

Petitioner claims that his detention has become unreasonably indefinite and that his release is therefore required under the framework set forth by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001). In *Zadvydas*, the Supreme Court noted that an alien must be detained during the initial 90-day removal period and that the Government may continue to detain an alien after that period or release the alien under supervision. *See id.* at 683 (citing 8 U.S.C. § 1231(a)(2), (6)). The Court held, however, that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by the statute." *See id.* at 699. The Court elaborated on that standard as follows:

> In answering that basic question, the habeas court must ask whether the detention in question exceeds a period reasonably necessary to secure removal. It should measure reasonableness primarily in terms of the statute's

basic purpose, namely, assuring the alien's presence at the moment of removal. Thus, if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute. In that case, of course, the alien's release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions. . . .

We recognize, as the Government points out, that review must take appropriate account of the greater immigration-related expertise of the Executive Branch, of the serious administrative needs and concerns inherent in the necessarily extensive INS efforts to enforce this complex statute, and the Nation's need to "speak with one voice" in immigration matters. But we believe that courts can take appropriate account of such matters without abdicating their legal responsibility to review the lawfulness of an alien's continued detention.

See *id.* at 699-700 (citations omitted). The Supreme Court then established a presumptively reasonable detention period of six months in which to accomplish removal, after which the reasonableness of an alien's detention should be determined as follows:

After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

See *id.* at 701; *see also, e.g.*, *Anyimu v. Department of Homeland Security*, 2017 WL 193180, at *2-3 (D. Kan. Jan. 18, 2017) (Lungstrum, J.) (applying this framework); *Kaliku v. United States Immigration and Customs Enforcement*, 2024 WL 4854523, at *2-3 (D. Kan. Nov. 21, 2024) (Lungstrum, J.) (same); *Vargas v. Noem*, 2025 WL 2770679, at *2-3 (D. Kan. Sept. 29, 2025) (Lungstrum, J.) (same).

The Court finds that petitioner has met his burden to provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future" in his case. The Court disagrees with respondent's contention that petitioner can point to nothing more than the failure to effect his removal within six months. Petitioner has now been detained for more than 10 months after his removal order became final, a significant period beyond the presumptively-reasonable period of six months, and he has been in custody for nearly 15 months total. Petitioner has also noted that officials have been unable in that time to obtain a travel document for him from either Tanzania or Burundi.

The Court further concludes that respondent has not rebutted that showing by petitioner. According to evidence submitted by respondent, immigration officials sent a travel document request to Burundi in May 2025, petitioner was interviewed in July 2025 by the Burundian Embassy, officials requested documents from petitioner's mother (she was unable to provide any), and officials responded to a Burundian request for an identity document in August 2025. The Court does not find such evidence to be sufficient, however. Despite the efforts listed above, officials have been unable to obtain a travel document for petitioner. Moreover, there is no evidence that any concrete efforts to remove petitioner have been undertaken in the last three months.[2] Respondent has not provided any explanation for why they have been unable to obtain a travel document or any reason why additional efforts have not been undertaken, nor has respondent identified any

---

[2] Respondent filed her answer to the petition on October 20, 2025, which is also the date of the declaration submitted in support of that answer, and respondent has not sought to supplement that answer with evidence of any recent efforts to remove petitioner.

particular efforts that will be made in the future. *See Manago v. Carter*, 2025 WL 2841209, at *2-3 (D. Kan. Oct. 7, 2025) (citing similar facts in concluding that the respondents failed to rebut the petitioner's showing under *Zadvydas*). Finally, respondent has not disputed petitioner's claim that the required 90-day or 180-day custody determinations have not been completed in the ten months since his removal period began, and that fact belies any claim that officials have exercised diligence with respect to petitioner's case.

In sum, respondent has not been able to provide evidence or even point to any specific fact that creates a significant likelihood that, even though officials failed in their earlier attempts to remove petitioner, and even though officials do not appear to have made any recent progress towards removal, petitioner will nonetheless be removed in the reasonably foreseeable future. Petitioner's detention has become unreasonably indefinite, and the Court therefore concludes that petitioner must be released, subject to appropriate terms of supervision. *See Zadvydas*, 533 U.S. at 700.

Accordingly, the Court grants the petition for habeas relief, and respondent is ordered to effect petitioner's release by **December 1, 2025**.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **granted**. Respondent shall release petitioner from custody, subject to an appropriate order of supervision, by **December 1, 2025**, and shall provide notice to this Court when that release is effected.

IT IS SO ORDERED.

Dated this 21st day of November, 2025, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge